UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS W. CURTIS,<br><br>                        Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS,<br><br>                        Defendant. | Case No. 2:16-cv-01586-RFB-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

This matter is before the Court on Plaintiff Thomas W. Curtis' Application to Proceed *In Forma Pauperis* (ECF No. 1) filed July 5, 2016. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

Plaintiff is proceeding in this civil rights action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $350.00 filing fee. Here, Plaintiff has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed IFP will be granted.

LSR 2-1 of the Local Rules of Practice states that a "civil rights complaint filed by a person who is not represented by counsel *must be submitted on the form provided by this court*." *Id*. (emphasis added). Plaintiff submitted a complaint on what appears to be lined notebook paper, not the court's approved form. If Plaintiff wants to move forward with his claims, he must submit an amended complaint on the court's approved form. The Clerk of the Court will be

/ / /

/ / /

/ / /

1

directed to mail Plaintiff a blank civil rights complaint along with the instructions for completing the form.[1]  If Plaintiff chooses to file an amended complaint, he must do so by **August 19, 2016**.

The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks.  *See* Fed. R. Civ. P. 8(a).  The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper.").  This means that Plaintiff should avoid legal jargon and conclusions.  Instead, Plaintiff should summarize the information he believes to be relevant in his own words for each claim asserted in the amended complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

Plaintiff is advised to support each of his claims with factual allegations, because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).  Plaintiff should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.  *Id.*  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362

---

[1] The civil rights complaint form and instructions are also available for download on the court's website at http://www.nvd.uscourts.gov/Forms.aspx.  *See* INFORMATION & INSTRUCTIONS FOR FILING CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA.

(1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980). Plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Thomas Curtis W.'s Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff shall not be required to pay the $400 filing fee.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting IFP status shall not extend to the issuance or service of subpoenas at government expense.
3. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-1) but SHALL NOT issue summons.
4. The Clerk of the Court is instructed to MAIL Plaintiff a blank civil rights complaint along with instructions for completing the form.
5. The Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will have until **August 19, 2016**, to file his amended complaint on the court's approved form.

6. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

7. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page in the caption, and Plaintiff shall place the case number, 2:16-cv-01586-RFB-PAL, in the space for "Case No."

8. Plaintiff's failure to comply with this Order by filing an amended complaint before the **August 19, 2016** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 20th day of July, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE