UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THOMAS CURTIS W.,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATIONS,

Defendant.

Case No. 2:16-cv-01586-RFB-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

This matter is before the court on a screening of Plaintiff Thomas Curtis W.'s Amended Complaint (ECF No. 4). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Curtis is proceeding in this civil rights action *pro se* and has received permission to proceed *in forma pauperis* ("IFP"). *See* Order (ECF No. 2). Upon review of the initial complaint (ECF No. 3), the court instructed Curtis to file an amended complaint to correct certain defects in his pleading. The court will now review the Amended Complaint (ECF No. 4).

After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler,* 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be

treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id*., or lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Id*. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id*. at 679–80. Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The Amended Complaint (ECF No. 4) names the Federal Bureau of Investigation ("FBI") as the sole defendant. Mr. Curtis alleges that the FBI violated his rights to see, breath, hear, talk, and walk by removing his eyes, jaws, head, brain, heart, lungs, arms, and legs. *Id*. at 3–4. He

alleges the FBI used biologic pathogens and biological chemicals and weapons on him and put cables and electrical DNA strips on him to electrify him 24-hours a day. *Id.* at 3. The FBI purportedly removed most of his organs from the brain down and sexually assaulted him by implanting an "electric penis" and "cables in [his] a** crack." *Id.* at 4. The FBI allegedly contaminated his house, walls, attic, and cars "with all sorts of chemicals, DNA mutations, [and] photogenic pathogens." *Id.* at 5.

The court finds that Mr. Curtis's factual claims describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 696 (Souter, J. dissenting) (noting that courts are not bound to accept as true allegations that are "sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel).[1] A finding of factual frivolousness is appropriate here because the facts alleged "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Because the Amended Complaint does not set forth a plausible claim and the allegation of additional facts would not cure these deficiencies, the court finds that Curtis is not entitled to an opportunity to amend. Mr. Curtis's allegations and claims are so fantastic and delusional that amendment would be futile. *See Lopez*, 203 F.3d at 1126. The court will therefore recommend that the complaint be dismissed with prejudice.

Accordingly,

/ / /

/ / /

/ / /

/ / /

---

[1] *See, e.g.*, *Cram v. U.S. Interior*, No. 2:16-cv-02870-JAD-CWH, Order (ECF No. 13) (dismissing with prejudice as delusional and frivolous complaint alleging that plaintiff and her newborn baby were both stabbed, beheaded, and murdered by white-haired ventriloquists who were "members of a roving gang"); *Head v. F.B.I.*, No. 2:08-cv-01028-KJD-PAL, Order (ECF No. 10) (dismissing with prejudice as "fantastic, delusional, irrational, and frivolous" complaint alleging that plaintiff was forced by FBI and other law enforcement agencies to engage in sexual activity with state and political officials so law enforcement could "extort, control, and blackmail them"); *Griffin v. Bush*, No. 2:07-cv-00617-RCJ-GWF, Order (ECF No. 7) (dismissing with prejudice frivolous complaint alleging that President George W. Bush was involved in injecting plaintiff's brain with chemicals used to place subliminal and hypnotic messages into his brain causing torture and mind control).

3

**IT IS RECOMMENDED**:

1. Plaintiff Thomas Curtis W.'s Amended Complaint (ECF No. 4) be DISMISSED WITH PREJUDICE.
2. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 21st day of June, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.